## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPTAIN SHAUN B. JONES,** | * | |
| **Moveant** | * | |
| | | **CIVIL ACTION No. 1:05MS00327** |
| **v.** | * | |
| **NAVAL CRIMINAL INVESTIGATIVE, SERVICE,** | * | |
| **Defendant** | * * * | |

### DECLARATION OF LT COLIN A. KISOR, JAGC, USNR

I, Colin A. Kisor, Lieutenant, Judge Advocate General's Corps, United States Navy Reserve, declare as follows:

### PRELIMINARY INFORMATION

1.    I am presently on active duty in the United States Navy as a judge advocate and serving as a trial counsel, Trial Service Office Northeast, 1014 N Street SE, Washington Navy Yard, DC 20374-5016.

2.    As a trial counsel I serve as a criminal prosecutor and command services attorney and provide legal advice to Navy commands on a wide range of criminal and administrative investigations.

3.    I have served as a judge advocate in the United States Navy for almost 6 years.

### INVESTIGATION INTO POTENTIAL MISCONDUCT OF CAPTAIN JONES

4.    In late July, 2005 I was assigned an ongoing investigation into Captain Shaun B. Jones, U.S. Navy for potential financial conflicts of interest with respect to his appointment, while

serving on active duty as a United States Naval Officer, as a consultant for various corporations which bid on Department of Defense contracts.

5.      If substantiated, the investigation could result in either administrative action or criminal charges or both.

6.      I have been in telephonic and electronic mail communication with Mr. Daniel Shanahan, Esq., an attorney at Williams & Connolly, LLP, which represents Captain Jones since late July 2005 in regard to this investigation.

7.      My supervisor, Lieutenant Commander (LCDR) David G. Wilson, JAGC, USN, who is serving as the Senior Trial Counsel at Trial Service Office Northeast, had briefed me on this case. LCDR Wilson informed me that Captain Jones, through his retained counsel, had asserted that he would cooperate in the investigation and would produce the financial records, which LCDR Wilson had listed in an email to Mr. Shanahan on June 29, 2005. See Attachment A, Relevant E-mails with Captain Jones' attorney.

8.      On August 1, 2005, Mr. Shanahan asserted to me via email that his client, Captain Jones, had fully cooperated with the investigation and had produced "every financial record requested." Id.

9.      On August 3, 2005, via email, I provided to Mr. Shanahan a very specific list of financial documents that his client had not turned over. I indicated that the government would not be able to close the investigation until all of the missing documents were produced. In a telephone conversation I informed Mr. Shanahan that the government was prepared to subpoena the documents. Id.

10.    At no point did Captain Jones both deliver all of the missing documents or sign and execute the previously requested financial waivers that would allow the government to obtain the records directly from the financial institutions.

Pursuant to 28 U.S.C. § 1746(2), I declare under the penalty of perjury that the foregoing is true and correct. Executed this 17ᵗʰ Day of August, 2005 in Washington, D.C.

_8/17/05_
Date

_Colin A. Kisor_
Colin A. Kisor
LT, JAGC, U.S. Navy Reserve

3